IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00466-MSK-BNB

KEVIN V. COOK,

Plaintiff,

v.

WYETH LLC,
WYETH PHARMACEUTICALS, INC.,
PFIZER INC.,
SCHWARZ PHARMA, INC.,
SCHWARZ PHARMA AG,
UCB GMBH,
ALAVEN PHARMACEUTICAL, LLC,
TEVA PHARMACEUTICALS USA, INC.,
PLIVA, INC.,
PLIVA D.D.,
BARR PHARMACEUTICALS, LLC,
BARR LABORATORIES, INC.,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

By an Order [Doc. #, filed 3/9/2011] I set this case for a scheduling conference to occur on May 25, 2011. The Order required that the parties meet in advance of the scheduling conference, prepare a proposed scheduling order, and submit it to the court on or before May 18, 2011. I subsequently reset the scheduling conference to June 14, 2011, at 2:00 p.m., and ordered that the proposed scheduling order be submitted by June 7, 2011. Minute Order [Doc. # 66, filed 5/3/2011]. On May 31, 2011, I allowed the plaintiff's counsel to withdraw. Order [Doc. # 85, filed 5/31/2011]. In doing so, I cautioned Mr. Cook, who was at the hearing, that he is personally responsible for complying with all court orders and time limitations established by

any applicable rules, and that failure to comply with all rules and orders or to appear in court when required to do so could result in the imposition of sanctions, including dismissal of the action. The same warning was repeated in the written order granting his counsel's motion to withdraw. Id. at pp. 2-3.

Defendant's counsel appeared for the scheduling conference, but Mr. Cook, proceeding *pro se*, neither appeared nor contacted the court. In addition, Mr. Cook failed to participate in the preparation of the proposed scheduling order by failing to provide a statement of his claims, a computation of his damages, and other information.

Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

Consistent with the local rule, on June 14, 2011, I issued an Order to Show Cause [Doc. # 88] commanding Mr. Cook to show cause, if any there be, in writing and on or before June 28, 2011, why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for lack of prosecution and failure to comply with court orders concerning the scheduling conference. No response to the Order to Show Cause has been received.

I respectfully RECOMMEND that the case be dismissed without prejudice for lack of prosecution and failure to comply with court orders concerning the scheduling conference.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific,

written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 30, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge